**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COLIN LEI YIN, FANG WANG, YUEPING HUANG, and YU ZHANG, *on behalf of themselves and all others similarly situated,*<br>　　　Plaintiff,<br><br>v.<br><br>CARIBBEAN BLUEWATERS GROUP, LLC d/b/a YIHAN SPA, "Amy" Su (first name unknown), and Geoffrey Allard,<br>　　　　Defendants. | Case No. 1:19-cv-02032<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release ("Agreement") is made by: COLIN LEI YIN, FANG WANG, YUEPING HUANG, YU ZHANG, Xiao Yin Jin, Jing Yi, Shanshan Huang, and Haigang Gan ("Plaintiffs") individually and on behalf of their present and former representatives, agents, attorneys, heirs, executors, administrators, successors, and assignors, and CARRIBBEAN BLUEWATERS GROUP LLC, Amy Su ("Defendants" or "Releasing Parties"), individually and on behalf of their present and former directors, officers, partners, owners, representatives, agents, attorneys, parents, subsidiaries, affiliates, successors, heirs, executors, administrators, successors, and assignors. Plaintiff and Defendant are collectively referred to hereafter as "Settlement Parties."

WHEREAS, on or about March 5, 2019 Plaintiffs on behalf of themselves and similarly situated employees, commenced an action by filing a Complaint encaptioned COLIN LEI YIN, FANG WANG,, YUEPING HUANG, and YU ZHANG, Civil Action No. 19-cv-02032 in the United States District Court Southern District of New York ("Litigation"); and collective

member Xiao Yin Jin, Jing Yi, Shanshan Huang, and Haigang Gan joined this lawsuit subsequently.

WHEREAS, the Settlement Parties have determined it to be in their mutual interests to settle any and all claims or other matters arising out of Plaintiffs' employment; and

WHEREAS, Plaintiffs and Defendants have determined it to be in their mutual interest to dismiss the Litigation with prejudice;

NOW, THEREFORE, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Settlement Parties agree as follows:

1.      Mutual Release of Claims

1.1.    Plaintiffs fully and unconditionally release and forever discharge Defendants from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts (FLSA); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law;.; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

1.2.    Defendants fully and unconditionally release and forever discharge Plaintiffs, from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts (FLSA); any claims under New

2

York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

2.      Termination of the Litigation

Plaintiffs agree to terminate, discontinue, and dismiss the Litigation in its entirety and in each and every respect, with prejudice, and to cooperate and to take all necessary and appropriate action to accomplish the same consistent with the terms of this Agreement.  In that connection, Defendants' counsel will execute and deliver to Plaintiffs' Counsel a Stipulation of Dismissal with Prejudice ("Stipulation") in the form of the attached Exhibit A, voluntarily dismissing the Litigation with prejudice. The parties' counsel shall file the fully-executed Stipulation immediately upon Court approval of the settlement agreement.  The parties agree that Plaintiffs' counsel has the right to restore the action to the docket for non-payment and that in the event the case has to be restored the defendants and liability is found, defendants shall have a credit for any payments which have been made; upon completion of payments

3.      Monetary Consideration

3.1.    The total monetary consideration to be paid by Defendants to Plaintiffs shall be $45,000 ("Total Settlement Amount") which shall be paid in twelve (12) installments memorialized in the annexed Exhibit C. All installment checks shall be made and delivered to Plaintiffs' counsel, Hang and Associates as attorneys, 136-20 38th Ave # 10g, Flushing, New York 11354, within thirty (30) days of Court approval of the (the "Approval Date). Hang and

Associates shall be solely responsible for distributing the payments according to the schedule (Exhibit "C").

    3.2.   <u>Tax Payment Procedures</u>

    (a) Plaintiffs' counsel shall provide Defendants with the appropriate signed IRS W2 and W9 forms within ten (10) days of execution of settlement agreement.

    (b)    Although Plaintiffs and Defendants believe, in good faith, that the tax treatment of the payments referred to in this Agreement and the procedures set forth in this Agreement are proper and in compliance with applicable tax regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiffs and/or Defendants are liable for any failure to pay federal, state or local income or employment taxes with respect to the payments made under Section 2.1 of this Agreement, or liable for interest or penalties related thereto, Plaintiffs and Defendants shall each be responsible for their own portion of any such liability and their own legal fees incurred in determining such liability.

    (c)    Plaintiffs acknowledge and agree that (i) this settlement may result in taxable income to Plaintiffs under applicable federal, state and local tax laws; (ii) Defendants are providing no tax, accounting or legal advice to Plaintiffs, and make no representations regarding any tax obligations or tax consequences on Plaintiffs' part relating to or arising from this Agreement; (iii) Plaintiffs shall be solely responsible for all of their respective individual tax obligations, including, without limitation, all federal, state and local taxes, and Plaintiffs shall not seek any indemnification from Defendants with respect thereto; and (iv) Plaintiffs have been advised that Defendants must comply with their obligations to make reports of such taxable

income to the appropriate federal, state and local tax authorities, and issue IRS Forms as appropriate.

4.      Non-Admission of Liability

The execution of this Agreement shall not be construed as an admission of any liability whatsoever by the Defendants.  Plaintiffs will not claim to be a prevailing party, to any degree or extent.

5.      Non- Disparagement. Plaintiffs agree that they will not make statements whether written or oral, or electronic which disparage or encourage or induce others to disparage any of the Released Parties. For the purposes of this Agreement, the term "disparage" includes, without limitation, comments or statements made to peers in person to other person(s), on the internet including email(s) or other internet sites including social media platforms Facebook ™, Instagram ™, Twitter ™, and all other social media platforms, to the press and/or media, to any Released Party or to any individual or entity with whom any of the Released Parties have a business relationship which would adversely affect in any manner (i} the conduct of the business of any of the Released Parties (including, without limitation, any business plans or prospects) or (ii) the business or personal reputations of the Released Parties. This Paragraph does not apply to truthful statements compelled by this litigation civil action no.  18-cv-4440, applicable law or legal process, or to any statements made to a government agency or regulator. Plaintiffs agree they will not disparage Individual or Corporate Defendants and Individual Defendants agree that they shall likewise not disparage Plaintiffs.

5.1.    Governing Law.  This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the laws of the State of New York (without regard

to its choice of law principles), as are applied to contracts to be performed wholly within the State of New York.

5.2.   <u>Descriptive Headings</u>. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

5.3.   <u>Severability</u>.   In the event that any one or more of the provisions of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remainder of the Agreement shall not in any way be affected or impaired thereby. Moreover, if any one or more of the provisions contained in this Agreement shall be held to be excessively broad as to duration, activity or subject, including but not limited to the release set forth in Section 2 of this Agreement, such provisions shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law.

5.4.   <u>Entire Agreement</u>. This Agreement represents the sole and entire agreement between the Settlement Parties and supersedes all prior agreements, negotiations and discussions between the Settlement Parties hereto, and their respective counsel, with respect to the subject matters covered hereby.

5.5.   <u>Drafter of this Agreement</u>.   In recognition of the fact that the Settlement Parties hereto had an equal opportunity to negotiate the language of, and draft this Agreement, the Settlement Parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable.  If any language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the Settlement Parties with respect to any such ambiguous language without any interference or presumption being drawn against any party.

5.6.    <u>Amendments</u>.  Any amendment to this Agreement must be in writing signed by duly authorized representatives of each of the Settlement Parties hereto and stating the intent of each party to amend the Agreement.  Any written changes must be approved by the Court.

5.7.    <u>Counterparts</u>.   This Agreement may be executed by each party in separate counterparts, each of which shall constitute an original and the sum of which shall constitute one document. A copy of a signature shall have the same force and effect as an original.

6.     <u>No Pending Actions</u>. Plaintiffs and Plaintiffs' counsel agree and represent that other than the Civil Action 19-cv-02032 they have not filed and do not have any pending charges, complaints, suits, or claims of any nature with any local, state, federal, or foreign agency or court, including but not limited to the United States Department of Labor or the New York State Department of Labor, against Defendants. Further, Plaintiffs' counsel warrants that they know of no other person(s), nor represent other persons for which there could be potential claims as there was no collective action pursued in this litigation.  Plaintiffs further agree that in exchange for the promises and benefits provided in this Agreement, they will not file any such claims in the future concerning any matter released by virtue of this Agreement, and they have not or will not transfer or assign any rights to bring any charges, complaints, suits, or claims of any nature against Defendants.

<u>7. Further Employee Acknowledgments</u>

7.1.    Plaintiffs acknowledge having consulted with their attorneys before signing this Agreement and that this Agreement has given them an opportunity to do so and if applicable, I have been explained the terms of this settlement in Mandarin and fully understand the terms set forth herein.

[ remainder of page left blank -- signature pages follow]

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: _____, 2020       By: _____

                                      COLIN LE YIN

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK  )

On the 3rd day of July in the year 2020 before me, the undersigned personally appeared COLIN LE YIN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Notary Public

QINYU FAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6397297
Qualified in Queens County
My Commission Expires 09-03-2023

9

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: _7/3_, 2020          By: _Shan shan Huang_

SHANSHAN HUANG

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

On the 3rd day of July in the year 2020 before me, the undersigned personally appeared SHANSHAN HUANG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Qinyu Fan_

Notary Public

QINYU FAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6397297
Qualified in Queens County
My Commission Expires 09-03-2023

10

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: _____, 2020           By: _____
                                            FANG WANG

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

     On the 3rd day of July in the year 2020 before me, the undersigned personally appeared FANG WANG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Notary Public

QINYU FAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6397297
Qualified in Queens County
My Commission Expires 09-03-2023

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: 7/3 2020    By: _____

                                     HAIGANG GAN

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK  )

     On the 3rd day of July in the year 2020 before me, the undersigned personally appeared HAIGANG GAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Notary Public

                                 QINYU FAN
                      NOTARY PUBLIC-STATE OF NEW YORK
                            No. 02FA6397297
                         Qualified in Queens County
                     My Commission Expires 09-03-2023

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED ___7/3___, 2020          By: _____

YU ZHANG

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

On the 3rd day of July in the year 2020 before me, the undersigned personally appeared YU ZHANG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Notary Public

QINYU FAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6397297
Qualified in Queens County
My Commission Expires 09-03-2023

13

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: _7/3_, 2020          By: _Xiao Yin Jin_
                                 XIAO YIN JIN

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

    On the _3rd_ day of _July_ in the year 2020 before me, the undersigned personally appeared XIAO YIN JIN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Qinyu Fan_
Notary Public

QINYU FAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6397297
Qualified in Queens County
My Commission Expires 09-03-2023

14

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: _____ 2020        By: _____
                                        YUEPING HUANG

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

On the 3rd day of July in the year 2020 before me, the undersigned personally appeared YUEPING HUANG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Notary Public

**QINYU FAN**
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6397297
Qualified in Queens County
My Commission Expires 09-03-2023

15

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: _____, 2020          By: _____
                                       JING YI

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

On the 2nd day of July in the year 2020 before me, the undersigned personally appeared JING YI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Notary Public

QINYU FAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6397297
Qualified in Queens County
My Commission Expires 09-03-2023

16

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: 07/01 , ~~2019~~ 2020

By: _____
AMY SU

By: _____
AMY SU, PRESIDENT

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

On the 1st day of July in the year 2020 before me, the undersigned personally appeared Amy Su, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

Scanned with CamScanner

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COLIN LEI YIN, FANG WANG, YUEPING HUANG, and YU ZHANG, *on behalf of themselves and all others similarly situated,*<br><br>　　　Plaintiff,<br><br>v.<br><br>CARIBBEAN BLUEWATERS GROUP, LLC d/b/a YIHAN SPA, "Amy" Su (first name unknown), and Geoffrey Allard,<br><br>　　　　　Defendants. | Case No. 1:18-CV-4440<br><br>**STIPULATION　　　　　　OF DISCONTINUANCE** |

　　　　Pursuant to Federal Rule of Civil Procedure 41(a) (1) (A) (ii), this action is hereby dismissed with prejudice, with the court retaining jurisdiction to enforce its terms.

Date:　　New York, New York
　　　　　June ___, 2020


_____
Anthony R. Portesy
Varacalli & Hamra LLP
32 Broadway Suite 1818
New York, NY 10002
Tel. 646-590-0571
aportesy@vhllp.com

_____
Shan Zhu , Esq.
Hang & Associates PLLC
136-20 38th Avenue, 10G
Flushing, NY 11354
Tel. 718-353-8588
szhu@hanglaw.com


**SO ORDERED:**

_____
Honorable Nathaniel Fox, U.S.M.J.

**EXHIBIT B**

Settlement Payment Structure – Yin v. Caribbean Blue Waters Group

| DATE | Distribution to HANG AND ASSOCIATES as attorneys | Distribution to COLIN LEI YIN | Distribution to FANG WANG | Distribution to YUEPING HUANG | Distribution to YU ZHANG |
|---|---|---|---|---|---|
| 30 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 60 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 90 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 120 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 150 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 180 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |

| 210 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 240 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 270 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 300 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 330 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |
| 360 Days After Approval | $1272.22 | 193.43 | $413.07 | $88.06 | $137.56 |

| DATE | Distribution to JIN YI | Distribution to XIAO YIN JIN | Distribution to SHANSHAN HUANG | Distribution to HAIGANG GAN | |
|------|------|------|------|------|------|
| 30 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
| 60 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
| 90 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
| 120 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
| 150 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
| 180 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |

| 210 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
|---|---|---|---|---|---|
| 240 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
| 270 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
| 300 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
| 330 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |
| 360 Days After Approval | $47.26 | $651.85 | $299.31 | $647.23 | |

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COLIN LEI YIN, FANG WANG, YUEPING HUANG, and YU ZHANG, *on behalf of themselves and all others similarly situated,*<br>          Plaintiff,<br><br>v.<br><br>CARIBBEAN BLUEWATERS GROUP, LLC d/b/a YIHAN SPA, "Amy" Su (first name unknown), and Geoffrey Allard,<br>                    Defendants.<br><br>          Defendants. | Case No. 2:17-cv-4881<br><br>**CONFESSION OF JUDGMENT** |

STATE OF NEW YORK     )
                                            )     ss.:
COUNTY OF _____ )

Amy Su, personally and as an officer of Defendant CARRIBEAN BLUE WATERS GROUP, LLC., being duly sworn, deposes and says:

1.      I represent that I am an officer and shareholder of Corporate Defendant CARRIBEAN BLUEWATERS GROUP LLC and that I have full authority to sign on behalf of Blue Pacific Inc. and to legally bind it. I sign this Affidavit of Confession of Judgment both in my individual and corporate capacity, and we are referred to herein as Defendants.

2.      Defendants' confess judgment herein and authorize entry of judgment by Plaintiffs against Defendant CARRIBEAN BLUE WATERS GROUP.in the amount of SIXTY SEVEN THOUSAND DOLLARS ($67,000.00), minus any amounts paid to date since the instant confession has been signed in the event payment is not made and/or cured under the Settlement Agreement in the above captioned action pursuant to the terms agreed to by the parties

3.      I reside in the State of New York, and CARRIBEAN BLUE WATERS GROUP does business in the State of New York and hereby authorize entry of judgment against defendants in the County of KINGS, State of New York.

4.      This confession of judgment is for a debt due to Plaintiffs arising from a Settlement Agreement.

5. The purpose of the Settlement Agreement by and between Plaintiffs and Defendants, was to effectuate the settlement of claims Plaintiffs may have advanced against Defendants. In the event that Defendants do not make payments as contemplated by the parties, Defendants authorize that the instant confession of judgment can be immediately submitted to the clerk of the court for signature, entry, filing, service and execution.

_____
Amy Su

Sworn to before me this
____ day of _____ 2020
_____
Notary Public

ANTHONY R PORTESY
Notary Public, State of New York
No. 02PO6315932
Qualified in Suffolk County
Commission Expires December 06, 20__

24

Scanned with CamScanner